1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MAURICE JOHNSON,

10          Plaintiff,                    No. 2:  12-cv-2719 GEB JFM (PC)

11          vs.

12   TOM FELKER, et al.,

13          Defendants.              ORDER

14   _____/

15          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

16   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

17   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

25   be granted, or that seek monetary relief from a defendant who is immune from such relief.  See

26   28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id. at 93-94, and construe the pleading in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's complaint alleges issues with respect First Amendment retaliation, cruel and unusual punishment for failure to protect a prison inmate and equal protection violations associated with when plaintiff was purportedly attacked by other inmates on July 26, 2007 while incarcerated at the High Desert State Prison among other allegations.

The court finds the allegations in plaintiff's complaint too vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for

1   relief.  The court has determined that the complaint does not contain a short and plain statement

2   as required by FED. R. CIV. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

3   policy, a complaint must give fair notice and state the elements of the claim plainly and

4   succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

5   allege with at least some degree of particularity overt acts which defendants engaged in that

6   support plaintiff's claim.  See id.

7          First, plaintiff is cautioned that claims brought against officials who review

8   plaintiff's grievances cannot form the basis for a § 1983 action.  See Smith v. Calderon, Civ. No.

9   99-2036, 1999 WL 1051947 (N.D. Cal. Nov. 10, 1999) (finding that failure to properly process

10  grievances did not violate any constitutional right); Cage v. Cambra, Civ. No. 96-2484, 1996 WL

11  506863 (N.D. Cal. Aug. 19, 1996) (concluding that prison officials' failure to properly process

12  and address grievances does not support constitutional claim); Murray v. Marshall, Civ. No. 94-

13  285, 1994 WL 245967 (N.D. Cal. May 26, 1994) (concluding that prisoner's claim that

14  grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,

15  however, retain a First Amendment right to petition the government through the prison grievance

16  process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with

17  the grievance process may, in certain circumstances, implicate the First Amendment.

18         Next, plaintiff is instructed that the Civil Rights Act under which this action is

19  filed provides as follows:

20         Every person who, under color of [state law] . . . subjects, or
            causes to be subjected, any citizen of the United States . . . to the

21         deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in action at law,

22         suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

26  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2   an act which he is legally required to do that causes the deprivation of which complaint is made."

3   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4       With respect to a failure to protect claim, the Eighth Amendment's prohibition on

5   cruel and unusual punishment imposes on prison officials, among other things, a duty to "take

6   reasonable measures to guarantee the safety of inmates."  See Farmer v. Brennan, 511 U.S. 825,

7   832 (1991).  To properly allege an Eighth Amendment claim for failure to protect an inmate

8   from violence, the inmate must assert that he was incarcerated under conditions posing a

9   "substantial risk of serious harm," and that a prison official displayed "deliberate indifference" to

10  that risk.  See id. at 834.  A prison official displays deliberate indifference to inmate-on-inmate

11  violence when he is "both aware of facts from which the inference could be drawn that a

12  substantial risk of serious harm exists, and he must also draw the inference."[1]  Id. at 837.

13      Moreover, plaintiff is advised that supervisory personnel are generally not liable

14  under § 1983 for the actions of their employees under a theory of *respondeat superior* and,

15  therefore, when a named defendant holds a supervisory position, the causal link between him and

16  the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

17  858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

18      Finally, plaintiff is cautioned in any amended complaint that he may wish to file

19  that the "Equal Protection Clause of the Fourteenth Amendment commands that no State shall

20  'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

21  direction that all persons similarly situated should be treated alike."  City of Cleburne v.

22  Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  To state an equal protection claim, an inmate

23

---

24      [1] The court notes that plaintiff has most likely sufficiently alleged a failure to protect
    claim against defendant Ingwerson.  (See Dkt. No. 1 at p. 11 ("The manner and tone used by Sgt.
25  Ingwerson indicated that he, in fact, was completely aware of a possible disorder occurring on
    the yard and failed to take the minimal necessary steps to prevent its occurrence.").)  Thus
26  plaintiff is advised to reallege the allegations against Ingwerson in an amended complaint.

must allege that he received different treatment from other, "similarly situated" persons.  See id. at 439-40.  Unless a policy that treats persons differently jeopardizes a fundamental right or is based on a suspect classification  – such as race, alienage or gender – the policy satisfies the equal protection clause if it is rationally related to a legitimate state interest.  See Cleburne, 473 U.S. at 440-41.

Because plaintiff has failed to comply with the requirements of FED. R. CIV. P. 8(a)(2) in his complaint, the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2.) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 6, 2013.

UNITED STATES MAGISTRATE JUDGE

14
john2719.14new

6

1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAURICE JOHNSON,

11              Plaintiff,                    No. 2:  12-cv-2719 GEB JFM (PC)

12        vs.

13   TOM FELKER, et al.,

14              Defendants.              <u>NOTICE OF AMENDMENT</u>

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____       Amended Complaint

19   DATED:

20

21                                     _____

22                                     Plaintiff

23

24

25

26