1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE JOHNSON,                          No.  2:12-cv-2719 GEB KJN P

12                   Plaintiff,

13        v.                                     ORDER

14    FELKER, et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18    On August 18, 2014, defendants filed a motion for summary judgment based on plaintiff's

19    alleged failure to exhaust administrative remedies.[1]  On August 20, 2014, plaintiff filed a motion

20    to modify the court's scheduling order, and a motion to appoint counsel.

21    _____

22    [1]  The Prison Litigation Reform Act of 1995 ("PLRA") provided that "[n]o action shall be
      brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a
      prisoner confined in any jail, prison, or other correctional facility until such administrative

23    remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  To satisfy exhaustion, a
      grievance must alert prison officials to the claims plaintiff raised in the complaint, but need only

24    provide the level of detail required by the grievance system.  Jones v. Bock, 549 U.S. 199, 218-19
      (2007); Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion is to give officials

25    "time and opportunity to address complaints internally before allowing the initiation of a federal
      case.")  Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731,

26    741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other
      critical procedural rules[.]"  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  A prisoner need not

27    exhaust further levels of review once he has either received all the remedies that are "available" at
      an intermediate level of review, or has been reliably informed by an administrator that no more

28    remedies are available.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).

                                                  1

1      1. <u>Motion to Modify Scheduling Order</u>

2          In this 65 page filing, plaintiff seeks an extension of the discovery deadline "due to his

3  inability to gain physical law library access required to research relevant case law, Federal Rules

4  of Civil Procedure, CDCR policy, procedures, rules, and regulations as well as copying

5  documents, exhibits, and motions filed with the court and defendants' attorneys." (ECF No. 38 at

6  1.)  Plaintiff seeks an extension of thirty days after the court rules on plaintiff's motion for

7  appointment of counsel to "continue propounding discovery requests on defendants.  (<u>Id.</u>)

8  Plaintiff then recites detailed facts surrounding his efforts to exhaust his administrative remedies

9  in connection with the claims raised herein.  (ECF No. 38 at 3-6.)  Plaintiff appends 56 pages of

10  exhibits, most of which are copies of his administrative appeals and responses thereto.  Plaintiff

11  argues that good cause exists under Rule 16(b) of the Federal Rules of Civil Procedure to modify

12  the scheduling order.

13          Despite plaintiff's reliance on Rule 16(b), the pendency of defendants' motion for

14  summary judgment requires the court to consider plaintiff's request under Rule 56(d) of the

15  Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 56(d) provides that "[i]f a

16  nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

17  essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2)

18  allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

19  appropriate order."  Fed. R. Civ. P. 56(d).

20          Plaintiff does not identify the specific discovery he seeks to propound.  Rather, the bulk of

21  his request appears focused on his inability to gain sufficient law library time to perform legal

22  research, not to obtain facts.  Indeed, plaintiff's motion contains detailed facts concerning his

23  efforts to exhaust his administrative remedies, and provides copies of his appeals and responses

24  thereto.  Thus, plaintiff has not made the required showing in his motion under Rule 56(d).[2]

25  Because defendants' motion for summary judgment is based on the affirmative defense of failure

26  to exhaust administrative remedies, a prerequisite to filing suit under the PLRA, the court

27  _____

28  [2]  Plaintiff will be able to pursue discovery as to the merits of his claims once the motion for
    summary judgment is resolved.  <u>See</u> July 18, 2014 Order.  (ECF No. 36.)

1    previously stayed discovery pending resolution of defendants' motion.  (ECF No. 36.)  Because

2    plaintiff failed to identify specific discovery of facts needed to refute defendants' pending motion,

3    plaintiff's motion is denied without prejudice.  However, the court will grant plaintiff an

4    extension of time in which to file an opposition to the pending motion for summary judgment.

5    Because plaintiff provided numerous exhibits that may be pertinent to the motion for summary

6    judgment, plaintiff is not required to re-submit such exhibits in support of his opposition, but may

7    simply refer to the exhibits contained in the August 20, 2014 filing.

8              2.  Motion for Appointment of Counsel

9         Plaintiff requests that the court appoint counsel.  District courts lack authority to require

10   counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

11   Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

12   to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935

13   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

14   When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

15   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

16   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

17   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

18   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

19   common to most prisoners, such as lack of legal education and limited law library access, do not

20   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

21        Having considered the factors under Palmer, the court finds that plaintiff has failed to

22   meet his burden of demonstrating exceptional circumstances warranting the appointment of

23   counsel at this time.

24        Accordingly, IT IS HEREBY ORDERED that:

25        1.  Plaintiff's motion to modify the scheduling order (ECF No. 38) is denied without

26   prejudice;

27        2.  Plaintiff is granted thirty days from the date of this order in which to file an opposition

28   to defendants' motion for summary judgment; defendants' reply is due seven days thereafter; and

3

1        3.  Plaintiff's motion for the appointment of counsel (ECF No. 39) is denied without

2    prejudice.

3    Dated:  August 25, 2014

4

5    /john2719.56d

                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE