UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHNSON, | No. 2:12-cv-2719 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| FELKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 3, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Both parties filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court rejects in part the findings and recommendations as to defendant Griffith's motion as to plaintiff's due process claims set forth in Appeal No. HDSP-D-08-0675. (ECF No. 46 at 19-20.) Defendants argue that plaintiff was required to pursue this appeal through the third level of review because he seeks damages in the underlying action. Defendants' argument is well-taken.

1

Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010), is inapposite because here plaintiff was not satisfied with his partial grant as noted by this underlying action in which he seeks money damages, which requires that plaintiff exhaust his claim through all three levels of administrative review to satisfy exhaustion under Booth v. Churner, 532 U.S. 731, 740-41 (2001). Moreover, the second level review noted that plaintiff's appeal was "partially granted," denied his request that the rules violation report be dismissed and that he be transferred to a different prison, and informed plaintiff that "this issue may be submitted for a Director's Level of Review if desired." (ECF No. 37-4 at 8.) Plaintiff's subjective belief that he was not required to appeal to the third level does not excuse his failure to make a good faith effort to become informed, and such subjective unawareness is not enough to excuse exhaustion. Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012). Thus, defendant Griffith is entitled to summary judgment on plaintiff's due process claims regarding the first rules violation hearing.

In his objections in connection with his Eighth Amendment claims, plaintiff contends that

> a supervisory official excused exhaustion by informing both plaintiff and his cellmate, "you guys don't worry about anything, I observed them attack you guys. I spoke with my officers and none of them mention[ed] seeing you do anything. So, just sit tight and don't worry."

(ECF No. 52 at 2, quoting ECF No. 38 at 10.) After plaintiff and his cellmate were returned to their cell, Sgt. Ingwerson reiterated, "Don't worry about anything, my officers didn't see you do anything and we know they attacked you guys first." (Id.) Plaintiff fails to demonstrate how such statements, made shortly after the incident, related in any way to the exhaustion of plaintiff's administrative remedies in connection with plaintiff's claim that defendants failed to protect him. Such statements fail to demonstrate that Sgt. Ingwerson misled plaintiff as to the exhaustion of administrative remedies. Statements that other inmates attacked plaintiff and his cellmate do not refute plaintiff's contention that defendants failed to protect plaintiff.

Defendants seek an evidentiary hearing on defendant Statti's motion for summary judgment on plaintiff's due process claim based on the May 9, 2008 hearing on the re-issued rules violation report. (ECF No. 47 at 5.) However, it is not clear that an evidentiary hearing is required. Rather, it appears that some documentary evidence may exist as to plaintiff's access to,

1 and requests for access to, his property during his placement in Ad Seg on August 7, 2008.
2 Because defendants did not have benefit of plaintiff's declaration in filing their reply, their reply
3 only addressed general prison regulations governing Ad Seg conditions rather than specifically
4 addressing plaintiff's claims that he attempted to obtain his property while housed in Ad Seg.
5 (See ECF No. 46 at 21-22.)  Moreover, because it is likely that some documentary evidence
6 exists, plaintiff should be granted an opportunity to discover documents that would support his
7 statements concerning his efforts to file an appeal during his August 7, 2008 placement in Ad
8 Seg.  Therefore, the court adopts the recommendation that defendant Statti's motion should be
9 denied without prejudice to its renewal.  The parties are granted an opportunity to conduct
10 discovery, limited to plaintiff's efforts to exhaust his administrative remedies while housed in Ad
11 Seg on August 7, 2008.  Upon completion of discovery, defendant Statti may renew the motion
12 for summary judgment.  Once the renewed motion is fully briefed, an evidentiary hearing can be
13 scheduled if the magistrate judge determines that such hearing is required.  Plaintiff is cautioned
14 that he must file a declaration and any evidence he has in opposition to defendant Statti's renewed
15 motion for summary judgment for failure to exhaust administrative remedies.  (ECF No. 26 at
16 37.)

17    The court finds the remainder of the findings and recommendations to be supported by the
18 record and by proper analysis.

19    Accordingly, IT IS HEREBY ORDERED that:

20    1. The findings and recommendations filed December 3, 2014, are adopted in part, and
21 rejected in part, as set forth below:

22       a. Plaintiff's Eighth Amendment claims against defendants Alexander, Anderson,
23 Aston, Fannon, Guzman, Ingwerson, Lewis, Lindsey, Look, McBride, Ramsey, Spangle, and
24 Wheeler are dismissed without prejudice based on his failure to properly exhaust administrative
25 remedies;
26 ////
27 ////
28 ////

b. Plaintiff's due process claims against defendant Griffith based on Appeal Log No. HDSP-D-08-0675 are dismissed without prejudice based on his failure to properly exhaust administrative remedies;

c. Plaintiff's overcrowding claim against defendant Cate is dismissed without prejudice based on plaintiff's failure to properly exhaust administrative remedies; and

d. Defendant Statti's motion for summary judgment on plaintiff's due process claims based on Appeal Log No. 08-D-08-01669 is denied without prejudice to renewal.

2. The parties are granted an opportunity to conduct discovery, limited to plaintiff's efforts to exhaust his administrative remedies while housed in Ad Seg on August 7, 2008, on or before sixty days from the date of this order. Defendant Statti's renewed motion for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies shall be filed thirty days thereafter. Plaintiff's opposition and evidence shall be filed twenty-one days thereafter, and defendants' reply shall be filed seven days after plaintiff's opposition. Local Rule 230(l).

Dated: March 17, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge