UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FELKER, et al.,<br><br>　　　　Defendants. | No. 2:12-cv-2719 GEB KJN P<br><br><br>ORDER TO SHOW CAUSE |

　　　　Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. On October 15, 2015, plaintiff was ordered to file, within fourteen days, a notice with the court attesting to his compliance with the order. Plaintiff was cautioned that failure to respond to the order would result in the dismissal of this action. (ECF No. 59.) Fourteen days have now passed, and plaintiff has not filed a notice of compliance or otherwise responded to the court order. Plaintiff previously failed to respond to the court's August 6, 2015 order.

　　　　Eastern District Local Rule 110 provides that "[f]ailure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on

1

> "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

L.R. 183(a); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court").

The court has carefully considered whether to recommend dismissal at this time.  But in light of plaintiff's pro se status and the court's desire to resolve the action on the merits, the court first attempts lesser sanctions in the form of an order to show cause why this action should not be dismissed based on plaintiff's failure to comply with the court's orders.

Good cause appearing, IT IS HEREBY ORDERED that, within fourteen days from the date of this order, plaintiff shall show cause why this action should not be dismissed based on plaintiff's failure to comply with court orders.  Failure to respond to this order will be deemed as consent to have the:  (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order, and shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  November 23, 2015

john2719.osc

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE