UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHNSON,<br><br>   Plaintiff,<br><br> v.<br><br>FELKER, et al.,<br><br>   Defendants. | No. 2:12-cv-2719 GEB KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Introduction</u>

  Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed November 23, 2015, plaintiff was ordered to show cause why this action should not be dismissed based on his failure to file a notice attesting to his compliance with the court's October 15, 2015 order. On December 17, 2015, plaintiff filed a one page response, enclosing 47 exhibits. After review of plaintiff's response and the record in this case, the undersigned recommends that this action be dismissed. Fed. R. Civ. P. 41(b).

II. <u>Background</u>

  On February 26, 2014, the parties were informed that "[t]he failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. <u>See</u> Fed. R. Civ. P. 41(b)." (ECF No. 26 at 5.)

In the May 19, 2014 discovery and scheduling order, the parties were informed that discovery requests and responses are not to be filed with the court, except as required by court order, and that such filing may result in an order of sanctions, including, but not limited to a recommendation that the action be dismissed. (ECF No. 33 at 4-5.)

On August 18, 2014, defendants filed their motion for summary judgment for failure to exhaust administrative remedies. On March 18, 2015, all of plaintiff's claims were dismissed without prejudice except for plaintiff's due process claim against defendant Statti, based on events that took place in 2008. (ECF No. 53.)

On March 18, 2015, the parties were granted sixty days in which to conduct discovery concerning plaintiff's efforts to exhaust his administrative remedies while housed in administrative segregation on August 7, 2008. (ECF No. 53.) Defendant Statti propounded discovery requests on April 1, 2015. Plaintiff failed to respond. Defendant Statti filed a motion to compel, and plaintiff was ordered to file an opposition within 21 days from the June 19, 2015 order. (ECF No. 55.)

On July 23, 2015, plaintiff filed a motion for 45 day extension of time to obtain documents responsive to the discovery request.[1] (ECF No. 56.) Plaintiff did not indicate that he needed to conduct further discovery in order to respond to the discovery requests. (Id.) On August 6, 2015, plaintiff's motion was granted, and plaintiff was granted 45 days to file an opposition to defendant Statti's motion to compel. However, plaintiff was reminded of his obligation to cooperate in discovery, and cautioned that his failure to do so may result in a recommendation that this action be dismissed. The undersigned noted that plaintiff had over four months to prepare his discovery responses, and that given the limited nature of the discovery, some of the facts sought in the interrogatories should be within plaintiff's own knowledge, rather than requiring legal research. (ECF No. 57 at 1-2.) Plaintiff was admonished that no further extensions of time would be granted.

////

---

[1] His proof of service states that he presented the request to prison officials for mailing on July 9, 2015. (ECF No. 56 at 7.)

On September 28, 2015, defendants filed a reply noting that plaintiff failed to file an opposition to the motion to compel, and failed to serve any discovery responses. (ECF No. 58.)

On October 15, 2015, defendant Statti's motion to compel discovery was granted, and plaintiff was directed to provide, within fourteen days, his responses to defendant Statti's April 1, 2015 discovery requests without objection, and to file a notice with the court attesting to his compliance with the order. (ECF No. 59 at 2.) Plaintiff was cautioned that failure to comply with the order would result in dismissal of this action. (Id.)

Plaintiff did not file a response to the October 15, 2015 order, and did not seek further extensions of time or other court assistance. On November 23, 2015, plaintiff was directed to show cause, within fourteen days, why this action should not be dismissed based on his failure to comply with court orders.

In his December 17, 2015 response, plaintiff claims that he was unlawfully housed in administrative segregation on October 12, 2015, and deprived of his personal property due to a "major disturbance." (ECF No. 61 at 1.) Prior thereto, plaintiff alleges that he had "extreme difficulties" in obtaining the documents as well as accessing the law library to obtain copies. Plaintiff states that he is "not purposefully not complying with the orders." (Id.) Plaintiff provides a copy of the October 12, 2015 incident report concerning a riot at High Desert State Prison involving about 100 inmates. (ECF No. 61 at 3-10.) Plaintiff provided copies of responses to interrogatories submitted in the instant case. (ECF No. 61 at 11-20.) Plaintiff also provided additional documents responsive to defendants' discovery requests. (ECF No. 61 at 22-49.)

III. Discussion

Initially, the court notes that plaintiff's certificate of service attests to service on the court, not on counsel for defendants. (ECF No. 61 at 50.) However, because defendants receive such filings through CM/ECF, defendants received plaintiff's filing.

Plaintiff now claims that he could not respond to the discovery requests earlier due to his placement in administrative segregation on October 12, 2015. However, plaintiff did not notify the court at that time and seek assistance in complying with the court order. Moreover, there are

3

procedures in place for inmates to access their legal materials while housed in administrative segregation. Plaintiff fails to demonstrate that he availed himself of such procedures after October 12, 2015. He fails to explain why he did not respond to the court's October 15, 2015 order.

But more importantly, plaintiff fails to demonstrate his diligence prior to October 12, 2015. The discovery requests were propounded on April 1, 2015, yet plaintiff did not provide his responses until December 8, 2015, when he presented his responses to prison officials for mailing to the court rather than to counsel for defendant. (ECF No. 61 at 50.) Thus, plaintiff had about six months in which to provide responses to limited discovery requests prior to his placement in administrative segregation. Although plaintiff states that he experienced "extreme difficulties" in obtaining and copying documents, he does not provide specific details as to what efforts he took to obtain such documents or copies.

Moreover, review of the responses provided demonstrate that plaintiff was not diligent and has not adequately responded to the requests. First, plaintiff's discovery responses are not dated, signed, or verified by plaintiff. (ECF No. 61 at 16, 20.) Second, plaintiff's responses to the interrogatories are incomplete. In response to interrogatory no. 3, asking plaintiff to state all facts supporting his contention that he did not have access to his appeal concerning defendant Statti, plaintiff states that he was not provided with his legal property until he was released from administrative segregation, and that "[d]iscovery is necessary to ascertain additional facts." (ECF No. 61 at 12.) As noted above, there are procedures in place for an inmate to access his legal materials while housed in administrative segregation, and plaintiff provided no facts concerning such efforts if, in fact, he took such efforts. In response to interrogatory no. 5, in which plaintiff was asked to describe all steps he took to gain access to the appeal, including the date and identification of individuals contacted to gain access, and written requests submitted for access, plaintiff states only that he completed and submitted an HDSP authorized ASU personal property form and inmate request for interview to the ASU property officer, but that "[d]iscovery is needed to ascertain the exact date requested." (ECF No. 61 at 13.) Plaintiff did not recount what efforts he made to obtain a copy of such requests. In response to interrogatory no. 6, in which plaintiff

4

was asked to identity by name and address each and every person plaintiff identified in interrogatory no. 5, plaintiff again states discovery is needed to identify such persons.  (ECF No. 61 at 13.)  In response to interrogatory no. 8, in which plaintiff was asked to identify each person by name and address who plaintiff contends has knowledge of any fact supporting his contention that he submitted the appeal concerning defendant Statti for third level review immediately following plaintiff's release from administrative segregation, plaintiff responded, "requires discovery."  (ECF No. 61 at 14.)  Plaintiff's response to interrogatory no. 10 also states that "[r]equires discovery from the Inmate Appeals Branch."  (ECF No. 61 at 15.)

Plaintiff's responses to defendant's request for production of documents are also insufficient because he responded to request nos. 2, 3, 4, and 5, by claiming that a response "requires discovery."  (ECF No. 61 at 17-19.)

On March 18, 2015, the district court ordered the parties to conduct discovery within sixty days.  If plaintiff needed to seek discovery in order to respond to defendant's requests, he should have propounded such discovery in April of 2015, but in any event no later than May 18, 2015.  Plaintiff was under an obligation to obtain the documents and information responsive to the discovery requests.  Plaintiff's responses that he now needs to conduct discovery in order to respond is not an appropriate response at this late date.  Rather, plaintiff was required to diligently seek the documents and information responsive to the discovery requests and, if he was unable, after reasonable efforts, to obtain a particular document or piece of information, he could provide that information in a specific response, or seek court assistance.  Plaintiff has been provided an unusually large amount of time to respond to these limited discovery requests yet has failed to demonstrate his diligence in responding.  His halfhearted effort supports this court's conclusion that further court orders addressing the issue of such discovery would be futile.

Plaintiff violated the May 19, 2014 discovery and scheduling order by filing his discovery responses and documents in response to defendant Statti's request for production of documents rather than serving them on defendant's counsel.  Plaintiff failed to comply with the August 6, 2015 order.  Plaintiff failed to comply with the October 15, 2015 order.  Review of plaintiff's December 17, 2015 filing reflects that plaintiff failed to comply with the October 23, 2015 order

1   by failing to demonstrate compliance with the October 15, 2015 order.  Thus, the undersigned
2   finds it appropriate to recommend the dismissal of plaintiff's case as a sanction for his failure to
3   comply with court orders.  Plaintiff's repeated failures to comply or respond to court orders
4   demonstrate that a lesser sanction would be ineffective.
5        The Court has the inherent power to achieve the orderly and expeditious disposition of
6   cases by dismissing actions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for
7   failure to prosecute and failure to comply with a court order.  See Link v. Wabash R.R. Co., 370
8   U.S. 626, 629-30, 82 S. Ct. 1386 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th
9   Cir. 2002).  "In determining whether to dismiss a case for failure to comply with a court order the
10  district court must weigh five factors including:  '(1) the public's interest in expeditious
11  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
12  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
13  availability of less drastic alternatives.'"  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
14  1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali
15  v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).
16       In determining to recommend that this action be dismissed, the court has considered the
17  five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal
18  of this action.  "[T]he public's interest in expeditious resolution of litigation always favors
19  dismissal."  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This action has
20  been pending for over three years.  On May 19, 2014, the court issued a scheduling order for
21  resolution of discovery and dispositive motions.  (ECF No. 33.)  Although discovery was stayed
22  on July 18, 2014, pending resolution of defendants' motion for summary judgment, the parties
23  were granted leave to conduct discovery on the issue of exhaustion as to defendant Statti on
24  March 18, 2015.  (ECF No. 53.)  Plaintiff's claim that he now needs to pursue discovery to
25  address the issue of exhaustion of administrative remedies, when he failed to propound such
26  discovery when first granted the opportunity in March, demonstrates that he is not diligently
27  prosecuting this action.  "It is incumbent upon the Court to manage its docket without being
28  subject to routine noncompliance of litigants. . . ."  Pagtalunan, 291 F.3d at 642.  Plaintiff's

failure to comply with the Local Rules and the court's orders suggests that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue diligently or reasonably.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to comply with these court orders, also favors dismissal. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92. Plaintiff's generic reasons for his failure to comply with court orders, without specific factual support, are insufficient to demonstrate his diligence over the last eight months. In some cases, "'[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant [or respondent].'" In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see also Morris v. Morgan Stanleys Co., 942 F.2d 648, 651-52 (9th Cir. 1991). In addition, plaintiff's failure to timely respond to the limited discovery prevents defendants from renewing their motion for summary judgment on exhaustion grounds, and further delays resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to comply with the court's orders, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth *supra*, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john2719.dsm